UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DEMETRIUS DONALDSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SHAUN HATTON,<br><br>　　　　Respondents. | Case No. EDCV 17-2242 RGK(JC)<br><br>ORDER (1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE; AND (2) DIRECTING CLERK TO FILE PETITION AS MOTION TO AMEND/ SUPPLEMENT OPERATIVE PETITION FOR WRIT OF HABEAS CORPUS IN CASE NO. EDCV 15-1932 AND TO FILE REQUEST TO PROCEED IN FORMA PAUPERIS IN CASE NO. EDCV 15-1932 |

On November 2, 2017, petitioner Eric Demetrius Donaldson, a state inmate who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Petition") in the instant action ("Second Federal Action") challenging a judgment in San Bernardino County Superior Court Case No. FSB1001913 ("State Case"). (Docket No. 1). He thereafter filed a Request for Leave to Proceed in Forma Pauperis ("IFP Request"). (Docket No. 3). The Current Petition asserts the following grounds for relief: (1) ineffective assistance of appellate counsel predicated on such counsel's failure to raise Grounds Two and Three of the Current Petition on appeal (Ground One); (2) cumulative error (Ground Two);

1

1  (3) ineffective assistance of trial counsel predicated on such counsel's objection to
2  the prosecution's proposed voluntary manslaughter lesser included offense
3  instruction (Ground Three); and (4) trial court constitutional error predicated on the
4  failure to give a lesser included voluntary manslaughter instruction (Ground Four).

5  Petitioner already has pending a previously initiated action in which the
6  operative Petition for Writ of Habeas Corpus ("Prior Petition") challenges the same
7  judgment in the State Case, namely Eric Demetrius Donaldson v. M.E. Spearman,
8  No. EDCV 15-1932 RGK(JC) ("First Federal Action"). In the First Federal Action
9  petitioner similarly challenges the trial court's failure *sua sponte* to give a jury
10 instruction on voluntary manslaughter/heat of passion and claims that the trial court
11 had a duty to give such an instruction because there was substantial evidence to
12 support such a lesser charge, and that the failure to give such an instruction
13 prejudiced him and deprived him of due process.

14 In cases in which a federal habeas petitioner already has pending a federal
15 habeas petition pertaining to the same state court judgment in the same court,
16 dismissal is appropriate because the maintenance of a duplicative action serves no
17 legitimate purpose. See Heidinger v. Yates, 2007 WL 1711776 (N.D. Cal. June 13,
18 2007) (dismissing habeas petition because petitioner already had habeas petition
19 pertaining to same state court conviction pending in same court); Smith v.
20 Louisiana, 2006 WL 1985467 (E.D. La. June 7, 2006) (even if construed as habeas
21 petition, filing challenging convictions should be dismissed as duplicative since
22 petitioner already has pending in same court a habeas petition involving same
23 convictions). If petitioner is entitled to any habeas relief relative to the Current
24 Petition's challenges to the State Case, the Court can afford such relief in the First
25 Federal Action. Therefore, maintenance of the present, apparently duplicative
26 action would serve no legitimate purpose.

27 Nonetheless, in accordance with governing Ninth Circuit authority, the Court
28 construes the Current Petition to be a Motion to Amend/Supplement the Prior

1  Petition in the First Federal Action and directs that it be filed as such in the First
2  Federal Action.  See Woods v. Carey, 525 F.3d 886, 888-890 (9th Cir. 2008) (if
3  prior habeas petition still pending when subsequent habeas petition filed, court
4  should construe subsequent petition as motion to amend first habeas petition).
5  Moreover, as petitioner has not paid the filing fee or previously sought leave to
6  proceed *in forma pauperis* in the Prior Action, it is also appropriate to file the IFP
7  Request in the First Federal Action.
8      IT IS THEREFORE ORDERED:  (1) the Current Petition and the instant
9  Second Federal Action are dismissed without prejudice; (2) the Clerk shall file the
10 Current Petition as a Motion to Amend/Supplement the Prior Petition in the First
11 Federal Action; (3) the Clerk shall also file the IFP Request in the First Federal
12 Action; and (4) Judgment shall be entered accordingly in the instant Second Federal
13 Action.

DATED: September 17, 2018

_____
HONORABLE R GARY KLAUSNER
UNITED STATES DISTRICT JUDGE